## ANDREW SIMPSON *vs.* JOSEPH COE.

When an execution is extended upon land, it must appear from the sheriff's return, that the appraisers are resident in the county where the land is ; otherwise, nothing will pass by the extent.

It is not sufficient, in such case, that the return states the appraisers to be " free-" holders in the county."

THIS was an action of trespass *quare clausum fregit,* and was tried here, at February term, 1824, upon the general issue. It was admitted, upon the trial, that one *William Spinney* was once seized of the *locus in quo.* *Paul Giles,* having obtained an execution against said *Spinney,* caused it, in the year 1805, to be extended upon the *locus in quo* ; and, in the year 1810, conveyed the same to the plaintiff.

The said extent stated, that three appraisers were appointed, " all being respectable freeholders in said county ;" but it was in no other way stated, that they were resident in the county.

The defendant objected to the plaintiff's right to recover, that nothing passed by the extent, under which he claimed ; because it did not appear, that the appraisers were resident in the county.

But a verdict was taken for the plaintiff, subject to the opinion of the court upon the said objection.

*Sullivan & Mason,* for the plaintiff.

*Ela,* for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

It is objected by the defendant in this case, that nothing passed by the extent, under which the plaintiff claims the *locus in quo,* because it is not stated in the sheriff's return, that the appraisers were resident in the county. The statute, under which the extent was made, enacts, that " the creditor " shall deliver his execution to the sheriff of the county, or " his deputy, where the debtor's land and tenements lie, who " shall cause three appraisers to be chosen, one by the cred- " itor, or creditors, another by the debtor, or debtors, if he " or they so please, and the third by the sheriff ; which ap- " praisers shall be reputable freeholders and residents in " such county ;" and we have decided, that it is essential to the validity of an extent, that it appear in the officer's return, that the appraisers were resident in the county. *Lib-*

Simpson
*vs.*
Coe.

*bey vs. Copp, ante,* p. 45. The question then is, does it appear, from the return in this case, that the appraisers were resident in this county? The clause in the statute, "*freehold-* "*ers and residents in the county,*" admits two constructions. In the first place, the words, "*in the county,*" may be construed to refer to the word "*residents*" only ; in which case, any person resident in the county, who has a freehold estate in any place, will come within the meaning of the statute. In the second place, the words, "*in the county,*" may be understood to refer both to the word "*residents,*" and to the word "*freeholders*" ; in which sense, the necessary qualifications of an appraiser will be, that he be resident, and have a freehold in the county. It is believed, that the statute has been generally understood in this last sense ; and we are of opinion, that this is the meaning of the statute. This opinion we ground, not only upon the circumstance, that such has been the general understanding of the community, which in a case of this kind is entitled to great weight, but upon the consideration, that such is the plain and obvious meaning of the language, which the legislature have used.

The word "*freeholder*" means a person having an estate in land at least for life, and the clause in the officer's return, in this case, "*freeholders in said county,*" may be understood in three different senses. It may mean persons in the county, who have real estate there. It may mean persons in the county, who have real estate, without any reference to the place where the real estate is ; and it may mean persons, having real estate in the county, without any reference to the residence of the persons. We are inclined to think, that, in common parlance, by "*freeholders in a county,*" would be understood persons having freeholds there, let their residence be where it might. In the clause of the statute, which we have above recited, the legislature have not contented themselves with declaring, that the appraisers shall be freeholders in the county ; but have expressly enacted, that they shall be residents. In the statute authorizing this court to make partition, it is declared, that it shall be done by a "committee of five disinterested freeholders, resident "in the county in which the land is situated." 1 *N. H. Laws* 223.

The statute, which prescribes the qualifications of town officers, enacts, that the selectmen shall be "freeholders "inhabiting in such town," and that the overseers of the poor shall be "freeholders and inhabitants of said town." We are aware, that the forms of expression, used in our statutes, are not entitled to have great weight in settling the question we are now considering ; but they certainly have a tendency to shew, that the words, "*freeholders in a county* "*or town,*" have not been understood necessarily to indicate an inhabitant or resident ; and it is clear, that, if they have not that import in this return, nothing passed by it. And if these words in the return could be construed to mean persons in the county having freeholds, without any reference to the place where the freeholds were, the return would still be defective ; because, in our opinion, it must appear, that they had freeholds in the county.

But, perhaps the words, "freeholders in said county," might be construed to mean persons in the county having freeholds there. But it is not enough, that the appraisers are in the county ; they must be residents. The term, *resident*, means an inhabitant, a person having an abode, a home, a domicil. 1 *Dallas* 241, *Penman vs. Wayne.*—1 *N. H. Rep.* 196.—2 *Peters* 442.—2 *Robinson* 322.—2 *Caines' Rep.* 318.—16 *John.* 130.—4 *Mass. Rep.* 557.—1 *Binney* 351, *note.*—*Vattel*, book 1, *cap.* 19, *sec.* 218.

And we have no doubt, that it was the intention of the legislature, in this instance, that those, who should be judges between the creditor and the debtor, should be selected from among the permanent inhabitants and landholders in the county, who must be presumed to be best acquainted with the qualities and value of the real estate in their vicinity. And the words, "freeholders in said county," if they can be understood in the sense we are now considering, do not seem to us to import such a residence of the appraisers, as the statute requires. Indeed, we have not been able to imagine any sense, in which they can be used, that will give them that import.

It is a well settled rule of law, that nothing will pass by an extent, unless every fact, necessary to its validity, is either

expressly stated, or necessarily implied, in what is stated in the officer's return. Here the residence of the appraisers is neither expressly stated, nor, as it appears to us, in any way implied in what is stated, in the return; and we are of opinion, that the extent must be adjudged insufficient to pass the title. There must therefore be

*A new trial granted.*